## (October 13, 1971)

■ BIRCHWOOD TOWERS NO. 1 ASSOCIATES et al., Appellants, v. ROBERT O. LOWERY, as Commissioner of the Fire Department of the City of New York, Respondent. In the Matter of ROBERT O. LOWERY, as Fire Commissioner of the City of New York, Respondent, v. BIRCHWOOD TOWERS NO. 1. ASSOCIATES et al., Appellants.— In the first above-entitled matter (an action for a declaratory judgment and an injunction) plaintiffs appeal from an order of the Supreme Court, Queens County, entered September 8, 1971, which denied their motion for a preliminary injunction; and in the second above-entitled matter (a proceeding to direct the vacating by appellants of the garage portions of certain premises in Queens, New York City, pursuant to Administrative Code of the City of New York, § 491a 2–2.0), the appeal is from an order of the same court, entered September 20, 1971, which denied appellants' motion to vacate an ex parte order of said court, entered September 14, 1971, directing the vacating of said garage areas. Order entered September 8, 1971 reversed, without costs, and motion for a preliminary injunction granted. Order entered September 20, 1971 reversed, on the law and the facts and in the exercise of discretion, without costs, and ex parte order entered September 14, 1971 vacated. The declaratory judgment action is directed to be tried at the November Term, subject to the directions of the Justice presiding at the Calendar Part of the Supreme Court, Queens County; appellants shall serve and file the appropriate note of issue and pay the fee for the filing; and respondent shall serve his answer to the complaint on or before October 20, 1971, if same has not been served heretofore. On the facts in this record, and in view of the serious questions of law concerning the validity of the administrative orders herein involved, we believe appellants were entitled to a preliminary injunction maintaining the status quo; and it was an improvident exercise of discretion to deny them that relief. They similarly were entitled to vacatur of the ex parte order, since the effect of that order would be to upset the status quo, with consequent serious damage to appellants' rights. We further believe that the interests of all parties to this dispute require a speedy resolution of the serious questions herein involved; and for that reason we are directing a prompt trial of the action. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.